# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| AMANA SOCIETY, INC. and AMANA FARMS, INC., | |
| Plaintiffs, | No. 10-CV-168-LRR |
| vs. | **ORDER** |
| EXCEL ENGINEERING, INC., | |
| Defendant. | |

_____

### *TABLE OF CONTENTS*

I.      **INTRODUCTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

II.     **RELEVANT PROCEDURAL HISTORY** . . . . . . . . . . . . . . . . . . . . . . **2**

III.    **ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

    **A.**    *Law of Costs* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

    **B.**    *Application* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

        *1.*    *Fees for service of summons and subpoena* . . . . . . . . . . . . . **4**

        *2.*    *Fees for printed or electronically recorded transcripts*
                *necessarily obtained for use in the case* . . . . . . . . . . . . **5**

            *a.*    *Requested costs* . . . . . . . . . . . . . . . . . . . . . . **5**

            *b.*    *Applicable law* . . . . . . . . . . . . . . . . . . . . . . . **5**

            *c.*    *Application* . . . . . . . . . . . . . . . . . . . . . . . . . **7**

        *3.*    *Fees and disbursements for copies* . . . . . . . . . . . . . . . . . **10**

            *a.*    *Requested costs* . . . . . . . . . . . . . . . . . . . . . . **10**

            *b.*    *Summation-related fees*. . . . . . . . . . . . . . . . . . . **10**

            *c.*    *Additional fees for copies* . . . . . . . . . . . . . . . . **13**

        *4.*    *Fees for witnesses* . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

            *a.*    *Requested costs*. . . . . . . . . . . . . . . . . . . . . . . **15**

            *b.*    *Applicable law* . . . . . . . . . . . . . . . . . . . . . . . **16**

            *c.*    *Application* . . . . . . . . . . . . . . . . . . . . . . . . . **18**

                *i.*    *Steven Sell* . . . . . . . . . . . . . . . . . . . . **18**

                *ii.*    *James Todd*. . . . . . . . . . . . . . . . . . . . **19**

                *iii.*    *James Heidell* . . . . . . . . . . . . . . . . . . **20**

IV.    **SUMMARY CHART** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **22**

*V.   CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **23**

## I.  INTRODUCTION

The matter before the court is Defendant Excel Engineering, Inc.'s ("Excel") Bill of Costs (docket no. 102).

## II.  RELEVANT PROCEDURAL HISTORY

On May 16, 2011, Plaintiffs Amana Society, Inc. and Amana Farms, Inc. (collectively, "Amana") filed a six-count Amended Complaint (docket no. 23). The first four counts alleged claims against GHD, Inc. ("GHD"). However, Amana voluntarily dismissed GHD from the action after the court granted partial summary judgment in favor of, and Amana reached a settlement with, GHD. The remaining counts in the Amended Complaint alleged claims against Excel for negligent misrepresentation (Count V) and professional negligence (Count VI). On August 15, 2012, the court granted partial summary judgment in favor of Excel, dismissing Count V of the Amended Complaint. *See* Order (docket no. 78).

Between the dates of September 17, 2012, and September 25, 2012, the court held a jury trial on Count VI of the Amended Complaint. On September 25, 2012, the jury reached a verdict on Count VI in favor of Excel. That same day, the Clerk of Court entered final judgment in favor of Excel and against Amana on Count VI. *See* Judgment (docket no. 101).

On October 5, 2012, Excel filed the Bill of Costs. In the Bill of Costs, Excel asks the court to tax $51,233.51 against Amana. These costs are grouped into the following categories: (1) fees for service of summons and subpoena; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing; and (4) fees for witnesses.

On October 12, 2012, Amana filed an "Objection to [Excel's] Bill of Costs" ("Objection") (docket no. 103). On October 22, 2012, Excel filed a "Response to

2

[Amana's] Objection" ("Response") (docket no. 106). In its Response, Excel withdraws its requests for certain costs and reduces the total amount requested to $50,050.61.[1] On October 23, 2012, Amana filed a "Reply to [Excel's] Response" ("Reply") (docket no. 107). The Bill of Costs is fully submitted and ready for decision.

## III. ANALYSIS

### A. Law of Costs

In deciding an issue relating to costs, the court must consult both Federal Rule of Civil Procedure 54(d), which gives the court the power to tax "costs" to a prevailing party, and 28 U.S.C. § 1920, which defines "costs." *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-42 (1987). Federal Rule of Civil Procedure 54(d) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54 represents a codification of the presumption that the prevailing party is entitled to costs." *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 696 (8th Cir. 2001) (quoting *Greaser v. Mo. Dep't of Corr.*, 145 F.3d 979, 985 (8th Cir. 1998)) (internal quotation marks omitted); *see also In re Peterson*, 253 U.S. 300, 315-17 (1920) (discussing common law of costs). In other words, "liability for costs is a normal incident of defeat." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).

"The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs . . . ." *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007). Despite the presumption, exactly which costs will be awarded is a matter left to the discretion of the district court. *Poe v. John Deere Co.*, 695 F.2d 1103, 1108-09 (8th Cir. 1982). However, "the district court must provide

---

[1] In its Response, Excel "requests that the court tax costs at a total of $49,600.59." Response at 16. It is not clear to the court how Excel reached this figure. The court reached the $50,050.61 figure by subtracting the costs Excel is no longer pursuing from the amount originally claimed in the Bill of Costs.

a rationale for denying the prevailing party's claim for costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006).

Title 28, United States Code, Section 1920 expressly identifies the expenses a court may tax as costs against a losing party. *Crawford Fitting*, 482 U.S. at 440. In relevant part, it provides:

> A judge . . . of any court of the United States may tax as costs the following:
>
> **(1)**   Fees of the clerk and marshal;
> **(2)**   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)**   Fees and disbursements for printing and witnesses;
> **(4)**   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> **(5)**   Docket fees under [§] 1923 of this title;
> **(6)**   Compensation of court appointed experts . . . .

28 U.S.C. § 1920.

### B.   Application

#### 1.   Fees for service of summons and subpoena

In its Bill of Costs, Excel requests $150.00 in private process server fees. However, in its Response, Excel acknowledges that the Eighth Circuit Court of Appeals has held that fees for private process servers are not taxable. Response at 2 (citing *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985)); *see also Am. Family Mut. Ins. Co. v. Miell*, 569 F. Supp. 2d 841, 860 (N.D. Iowa 2008) (finding that private process server fees are not taxable (citing *Crues*, 768 F.2d at 234)). Accordingly, Excel "waives" its request for such costs. Response at 2. Consequently, the court finds that Excel's fees for service of summons and subpoena in the amount of $150.00 will not be awarded as costs.

## 2. *Fees for printed or electronically recorded transcripts necessarily obtained for use in the case*

### a. *Requested costs*

In its Bill of Costs, Excel seeks costs for printed or electronically recorded transcripts in the amount of $11,443.27. In its Objection, Amana argues that $5,712.88 of this total is not taxable. In its Response, Excel withdraws its request for $432.03[2] of the original $11,443.27, leaving a total of $11,011.24 that Excel argues the court should tax to Amana.

### b. *Applicable law*

A district court may only tax transcription costs "if a deposition was 'necessarily obtained for use in a case' and was not 'purely investigative.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006) (quoting *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006)); *accord* 28 U.S.C. § 1920(2). If this standard is met, the district court has discretion to award costs "even if a deposition is not introduced at trial." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997). The determination of whether the transcripts were "necessarily obtained for use in a case," 28 U.S.C. § 1920(2), "must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use. . . . [T]he underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken." *Zotos*, 121 F.3d at 363 (citations omitted) (internal quotation marks omitted).

In 2008, Congress amended § 1920 to include "printed or electronically recorded transcripts." 28 U.S.C. § 1920(2); *see also EEOC v. CRST Van Expedited, Inc.*, No. 07-

---

[2] In its Response, Excel states that it is withdrawing its request for $582.03 in transcript fees. It is not clear to the court how Excel reached this figure. Excel has withdrawn its requests for: $345.00 for the transcript of Brice Green's deposition and $87.03 in postage and delivery fees, resulting in a total of $432.03.

CV-95-LRR, 2010 WL 520564, at *5 (N.D. Iowa Feb. 9, 2010) (discussing pre-amendment Eighth Circuit precedent and the 2008 amendment), *vacated on other grounds*, 679 F.3d 657 (8th Cir. 2012). Although the Eighth Circuit has not decided the issue, this court has previously found that, "[i]n light of the use of the disjunctive in [28 U.S.C. § 1920(2)], . . . costs are taxable for either stenographic transcription *or* videotaped depositions—not both." *CRST Van Expedited*, 2010 WL 520564, at *5. Other courts have similarly concluded that a prevailing party may recover either a stenographic transcription or an electronically recorded transcript. *See Winter v. Novartis Pharm. Corp.*, No. 06-4049-CV-C-MJW, 2012 WL 3993623, at *4 (W.D. Mo. Sept. 11, 2012) (holding the losing party had to reimburse the prevailing party for transcript costs, but not for costs associated with video depositions); *Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*, No. 4:06CV655RWS, 2010 WL 1935998, at *2 (E.D. Mo. May 10, 2010) ("[I]t would be contrary to the plain language of § 1920 to allow [the prevailing party] to recover costs for both stenographic transcripts and video costs for the same depositions."). *But see In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1370 (Fed. Cir. 2011) (affirming the district court's taxation of costs for video and stenographic versions of the same depositions); *Nat'l Benefit Programs, Inc. v. Express Scripts, Inc.*, No. 4:10CV00907 AGF, 2012 WL 2326071, at *3 (E.D. Mo. June 19, 2012) ("Courts do allow recovery of costs for both stenographic transcription and video recording of depositions but only where the prevailing party offers a persuasive reason for obtaining the video deposition."); *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 976-77 (S.D. Tex. 2011) (allowing taxation of costs for video and stenographic versions of the same depositions when the court required the submission of written transcripts for page/line deposition designations for reference during impeachment and while playing the video depositions at trial).

### c. *Application*

Excel requests $420.00 for Robert Burns's video deposition and $409.75 for his stenographic transcript, which includes a $100.00 appearance fee. Excel did not use the Burns video deposition at trial. Similarly, Excel requests $374.50 for Philip Lusk's video deposition and $241.00 for his stenographic transcript. Excel did not use the Lusk video deposition at trial. Excel also requests $380.00 for Dennis Totzke's video deposition and $475.00 for his stenographic transcript. Excel used the Totzke video deposition at trial. Excel also requests $304.95 for Steven Sell's video deposition and recovery for his stenographic transcript.[3] Excel did not use the Sell video deposition at trial. Each of these recordings or transcripts is duplicative, and the court finds that it would not be appropriate or in line with the plain meaning of 28 U.S.C. § 1920 to permit recovery for both a video recording and stenographic transcript of the same deposition. *See* 28 U.S.C. § 1920(2); *CRST Van Expedited*, 2010 WL 520564, at *5. Therefore, the court will allow Excel to tax the costs for the Burns stenographic transcript, the Lusk stenographic transcript, the Totzke video deposition and the Sell stenographic transcript. Costs for the Burns video deposition, the Lusk video deposition, the Totzke stenographic transcript and the Sell video deposition are disallowed.

The court shall also disallow the $100.00 appearance fee included in the fee for the Burns stenographic transcript. The court agrees with Amana's contention that this fee is comparable to a charge for the reporter's travel expenses and, therefore, is not recoverable. *See McCabe v. United States*, No. 05-CV-73-LRR, 2008 WL 2980010, *7 (N.D. Iowa July 22, 2008) ("Section 1920 permits recovery only of the court reporter's fee for a transcript, not of the reporter's travel expenses." (quoting *W. Wind Afr. Line,*

---

[3] Sell's stenographic transcript is billed as a lump sum with three other transcripts, so it is not clear to the court how much Excel was billed for Sell's transcript individually. Because the court finds that the entire cost for the stenographic transcripts is taxable, the cost of Sell's individual transcript is irrelevant.

*Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1237 (5th Cir. 1988))).

However, the court finds that it is appropriate to tax Amana for the remaining costs for transcripts necessarily obtained for use in the case, as requested by Excel. The court has reviewed Amana's Objection and finds that all other costs listed in Excel's Bill of Costs are recoverable. With respect to Amana's objection to Excel's request of $285.00 to edit the Totzke video deposition, the court notes that even if this cost was not recoverable under § 1920(2), the court would find it recoverable under § 1920(4).

The court will tax costs for printed or electronically recorded transcripts necessarily obtained for use in the case as follows:

| Description of Cost; Date of Deposition | Contested (Yes or No) | Total | Allowed or Disallowed |
|---|---|---|---|
| Dennis Totzke transcript; February 10, 2012 | Yes | $271.99 | Allowed |
| Stephen Dvorak transcript; September 16, 2011 | No | $253.00 | Allowed |
| James Todd transcript; November 8, 2011 | No | $226.50 | Allowed |
| Scottie Clubb and Sheri Ward transcripts; October 26 and 27, 2011 | Yes (Clubb) | $1,022.40 | Allowed |
| Bradd Seegers and Corey Brickl transcripts; November 9, 2011 | No | $337.30 | Allowed |
| Douglas Van Ornum and David Gasch transcripts; February 9, 2012 | Yes | $284.50 | Allowed |
| Harmanjit Mallhi, Stephen Penney and John McGrath transcripts; January 18, 19, 23 and 24, 2012 | No | $2,019.90 | Allowed |
| Keith Hobson transcript; March 20, 2012 | No | $176.55 | Allowed |

| Description of Cost; Date of Deposition | Contested (Yes or No) | Total | Allowed or Disallowed |
|---|---|---|---|
| Steven Sell video deposition; April 6, 2012 | Yes | $304.95 | Disallowed |
| Steven Sell, John McGrath, Scottie Clubb and John Peterson transcripts; April 6, 9 and 10, 2012 | Yes | $1,283.50 | Allowed |
| Leslie Ackerman, Victor Rathje and James Mohni transcripts; April 11, 2012 | Yes | $713.50 | Allowed |
| Philip Lusk transcript; April 16, 2012 | No | $241.00 | Allowed |
| Curt Gooch transcript; April 26, 2012 | No | $702.40 | Allowed |
| Terry Hershberger transcript; April 24, 2012 | No | $499.00 | Allowed |
| Robert Burns transcript; April 19, 2012 | Yes ($100 appearance fee) | $409.75 | $309.75 allowed ($100 appearance fee disallowed) |
| Robert Burns video deposition; April 19, 2012 | Yes | $420.00 | Disallowed |
| Philip Lusk video deposition; April 16, 2012 | Yes | $374.50 | Disallowed |
| Doug Litwiller transcript; February 16, 2012 | No | $330.50 | Allowed |
| Dennis Totzke transcript; September 7, 2012 | Yes | $475.00 | Disallowed |
| Dennis Totzke video deposition; September 7, 2012 | No | $380.00 | Allowed |
| Dennis Totzke video edits; September 7, 2012 | Yes | $285.00 | Allowed |

| Description of Cost; Date of Deposition | Contested (Yes or No) | Total | Allowed or Disallowed |
|---|---|---|---|
| **TOTAL** | | $11,011.24 | |
| **TOTAL ALLOWED** | | | **$9,336.79** |

### 3.    *Fees and disbursements for copies*

#### a.    *Requested costs*

In its Bill of Costs, Excel asks for $6,042.53 for fees and disbursements for printing.[4]  In its Objection, Amana argues that the court should disallow $5,557.68 of this total.  In its Response, Excel withdraws its claim for $74.95 in costs related to copies of James Todd's deposition and exhibits and maintains a request of $5,967.58 in copying costs.  Amana's primary objection is to Excel's request for $4,967.73 in costs related to uploading documents to Summation, a litigation-support software database.  Amana argues that these costs are not taxable because: (1) the costs were incurred for the convenience of counsel; and (2) the costs were discovery related and were not necessary for use at trial.

#### b.    *Summation-related fees*

Amana claims that the Summation-related fees were incurred for the convenience of Excel's counsel and, therefore, the court should disallow such fees in total because they were not "necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Excel contends that these costs are taxable under 28 U.S.C. § 1920(4), as "'[t]he electronic scanning of documents is the modern-day equivalent of exemplification and copies of paper and therefore can be taxed pursuant to § 1920(4).'"  Response at 9 (quoting *Brown v. McGraw-Hill Cos.*, 526 F. Supp. 2d 950, 959 (N.D. Iowa 2007)).

---

[4] Although Excel characterizes these expenses as printing costs in its Bill of Costs, both parties analyze these expenses as copying costs under § 1920(4).  Accordingly, the court will analyze these costs pursuant to § 1920(4).

In *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir.), *cert. denied*, 133 S. Ct (2012), the Third Circuit Court of Appeals addressed taxing costs similar to Summation-related costs. In *Race Tires*, the Third Circuit considered whether "an electronic discovery consultant's charges for data collection, preservation, searching, culling, conversion, and production" qualified as "making copies" under § 1920(4). *Id.* at 164-65. The prevailing party sought recovery for the following categories of electronic discovery services: "collecting and preserving [electronically stored information ("ESI")]; processing and indexing ESI; keyword searching of ESI . . . ; converting native files to [Tagged Image File Format ("TIFF")]; and scanning paper documents to create electronic images." *Id.* at 167. Of these activities, the Third Circuit found "only the conversion of native files to TIFF . . . and the scanning of documents to create digital duplicates are generally recognized as the taxable 'making copies of material.'" *Id.* (citing, among other cases, *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009) (holding that costs associated with converting data into "a readable format in response to plaintiffs' discovery requests" are recoverable)). In *Race Tires*, the district court directed the parties to produce ESI in TIFF format. *Id.* at 161. Thus, the Third Circuit held that "scanning and conversion of native files to the agreed-upon format for production of ESI constitute 'making copies of materials,'" *id.* at 167, but the federal courts lack the authority "to award the full cost of electronic discovery to the prevailing party," *id.* at 171. *See also Advance Brands, LLC v. Alkar-Rapidpak, Inc.*, No. 08-CV-4057-LRR, 2011 WL 4352495, at *7 (N.D. Iowa Sept. 15, 2011) (holding that "scanning-related and electronic conversion expenditures" were taxable under § 1920(4)).

The court finds that scanning for Summation purposes qualifies as "making copies of materials" and that these costs are recoverable. Additionally, having considered the facts surrounding this case and the document-intensive nature of the underlying litigation, the court will tax Excel's TIFF conversion expenditures under § 1920(4). Although the

instant action differs from *Race Tires* because Excel did not incur these charges in order to comply with a court directive to produce discovery in TIFF format, the court finds the costs associated with the conversion of native files into TIFF format are taxable. However, as discussed below, the court will only tax those conversion expenses where it is clear on the invoice that the charge is for TIFF conversion, rather than OCR conversion.

The court finds that Excel has not established that the Summation-related fees other than those for scanning and TIFF conversion were necessary rather than convenient and, thus, the court shall disallow them. *See Penford Corp. v. Nat'l Union Fire Ins. Co.*, 2011 U.S. Dist. LEXIS 109344, at *15-16 (N.D. Iowa Feb. 10, 2011) (affirming the Clerk of Court's reduction of the prevailing party's requested costs by $1,063.50 for binders, binding and tabs and further reducing the total by an additional $3,540.55 for costs incurred for labeling and document numbering because these expenditures were "convenient, rather than necessary"); *Moore v. DaimlerChrysler Corp.*, No. 4:06CV757 CDP, 2007 WL 1445591, at *1 (E.D. Mo. May 11, 2007) (holding that costs incurred for Bates labeling were not recoverable because "it was a task that could easily have been done by defense counsel staff without incurring outside expense"). Bates match, OCR and document utilization are used to organize documents and make them searchable, activities that would traditionally be done by attorneys or support staff, and therefore, are not taxable.

Amana argues that, even if the court finds that Summation was necessary for trial, the court should disallow $2,435.68 of these costs because they were incurred for discovery purposes. Excel admits that the "electronic copying and scanning was discovery-related" but contends that this is not an absolute bar to recovery. Response at 9. The court disagrees with Amana's claim that "those printing and copying fees related to the discovery phase of the case . . . are not recoverable." Objection at 10. There is no absolute bar to recovering costs for discovery-related copying and scanning. Rather, the

Eighth Circuit has left the matter of whether to tax discovery-related expenses within the district court's discretion. *See Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 602 (8th Cir. 2009). The court finds that discovery-related expenses are recoverable in light of the facts and document-intensive nature of this case. *See Advance Brands*, 2011 WL 4352495, at *6 (declining to reduce the prevailing party's requested costs for copying and scanning on the basis that they were discovery related).

### c. *Additional fees for copies*

In addition, Amana objects to the costs Excel seeks for copying its appendix and for making copies of its trial exhibits. The court finds that these costs are recoverable, as they were necessary for use in the case. However, the costs related to binding and hole-punching are "convenient rather than necessary," and the court shall disallow them on this ground. *See Moore*, 2007 WL 1445591, at *1. The court also finds it appropriate to disallow the $51.64 that Excel requests for "Invoice: 12232" as there is no documentation explaining what this charge is for.

The court will tax costs for copies as follows:

| Description of Cost | Contested (Yes or No) | Total Cost | Allowed or Disallowed |
|---|---|---|---|
| Upload documents to Summation | Yes | $2,039.31 | $1,458.88 allowed ($1,458.88 allowed for TIFF conversion; $580.43 for Bates match and OCR disallowed) |
| Convert native documents to TIFF including OCR | Yes | $89.27 | Disallowed |
| Supplemental initial disclosures from GHD and Amana | Yes | $396.37 | Disallowed |

| Description of Cost | Contested (Yes or No) | Total Cost | Allowed or Disallowed |
|---|---|---|---|
| Convert native documents to TIFF | Yes | $809.43 | $681.55 allowed ($681.55 allowed for TIFF conversion; $127.88 for OCR disallowed) |
| Process documents and convert to TIFF including OCR | Yes | $784.55 | Disallowed |
| Process of scanning electronic documents to Summation; Native to TIFF conversion | Yes | $328.67 | $266.11 allowed ($1.03 allowed for scanning; $265.08 allowed for TIFF conversion; $62.56 for Bates match and OCR disallowed) |
| Copies of documents on disc, provided by Amana via discovery | No | $43.98 | Allowed |
| Put documents on load file for Summation | Yes | $164.29 | Disallowed |
| Invoice: 12232 | No | $51.64 | Disallowed |
| Two copies of appendix documents | Yes | $149.87 | $128.46 allowed ($128.46 allowed for copies, $21.41 for 3-hole punch disallowed) |
| Document unitization, copies and native to TIFF including OCR for Summation | Yes | $309.28 | Disallowed |
| Two copies of Excel's appendix | Yes | $114.19 | $71.37 allowed ($71.37 allowed for copies, $42.82 for 3-hole punch disallowed) |
| Copy of Amanas' appendix for notebook | Yes | $41.90 | $27.93 allowed ($27.93 allowed for copies, $13.97 for 3-hole punch disallowed) |

| Description of Cost | Contested (Yes or No) | Total Cost | Allowed or Disallowed |
|---|---|---|---|
| Initial disclosures to Summation | Yes | $46.56 | Disallowed |
| Two copies of trial exhibits for pretrial conference | Yes | $209.04 | $154.47 allowed ($154.47 allowed for copies, $54.57 for bindery disallowed) |
| Copy of Excel's trial exhibits for opposing counsel | No | $107.46 | $79.37 allowed ($79.37 allowed for copies, $28.09 for bindery disallowed) |
| Three copies of Excel's trial exhibits for attorney, jury and witness | No | $281.77 | $244.32 allowed ($244.32 allowed for copies, $37.45 for small, format, labor disallowed) |
| **TOTAL** | | **$5,967.58** | |
| **TOTAL ALLOWED** | | | $3,156.44 |

### 4.    *Fees for witnesses*

### a.    *Requested costs*

In its Bill of Costs, Excel seeks witness fees in the amount of $33,597.71. Amana objects to $33,143.44 of this amount. In its Response, Excel withdraws its request for $238.75 for the September 20, 2012 interview of Andrew Marsh, $265.57 of the subsistence costs for James Todd and $21.60 of the subsistence costs for James Heidell.

Amana's primary objection is to the $29,788.95 in witness attendance fees that Excel claims. Amana contends that the witnesses' attendance fees should be limited to $40.00 per day, pursuant to 28 U.S.C. § 1821(b). Excel argues that the court can use its discretion to award additional witness fees "'when the expert's testimony was crucial to the issues decided.'" Response at 11 (quoting *Nemmers v. City of Dubuque*, 764 F.2d 502, 506 (8th Cir. 1985)). Additionally, Amana argues that Excel's claims for subsistence

and travel expenses for witnesses go beyond what is allowed under 5 U.S.C. § 5702(a) and 28 U.S.C. § 1821 and objects to the entire $1,636.17 that Excel claims for subsistence and to $1,472.50 of the $1,646.77 that Excel claims for travel.

### b.    Applicable law

The Supreme Court of the United States has held that, "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting*, 482 U.S. at 445; *see also Neosho R-V Sch. Dist. v. Clark*, 315 F.3d 1022, 1032 (8th Cir. 2003) (noting that the court is not permitted to "exceed the limitations set out in § 1821 and § 1920"). "The witness fee specified in [28 U.S.C.] § 1920(3) is defined in 28 U.S.C. § 1821 . . . ." *Crawford Fitting*, 482 U.S. at 440. In relevant part, § 1821 provides:

> **(a)(1)**  Except as otherwise provided by law, a witness in attendance at any court of the United States . . . or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
> . . . .
>
> **(b)**  A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> **(c)(1)**  A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

**(2)** A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

**(3)** Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses.
. . . .

**(d)(1)** A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

**(2)** A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

28 U.S.C. § 1821. "By its terms, § 1821 applies only to witnesses in attendance at any court of the United States, before a United States Magistrate, or a deposition taken under a court rule or order." *Neosho R-V Sch. Dist.*, 315 F.3d at 1034.

"[T]he traditional rule under 28 U.S.C. § 1821 has been that expert fees are not recoverable beyond the statutory allowance for attendance, mileage and subsistence," but, in *Nemmers*, the Eighth Circuit held that "expert fees under [Federal Rule of Civil Procedure] 54(d) [are taxable] 'when the expert's testimony was crucial to the issues decided.'" *Nemmers*, 764 F.2d at 506 (quoting *Coleman v. City of Omaha*, 714 F.2d 804, 809 (8th Cir. 1983)).

However, in *Crawford Fitting*, the Supreme Court effectively overruled *Nemmers* when it held that, when considering Rule 54(d) along with 28 U.S.C. §§ 1821 and 1920, "a federal court may tax expert witness fees in excess of the . . . limit set out in § 1821(b) only when the witness is court-appointed. The discretion granted by Rule 54(d) is not a power to evade this specific congressional command." *Crawford Fitting*, 482 U.S. at 442. Following *Crawford Fitting*, the Eighth Circuit held that "expert witness fees in excess of the 28 U.S.C. § 1821(b) $40 limit are not recoverable." *Pinkham v. Camex, Inc.*, 84 F.3d 292, 295 (8th Cir. 1996); *see also Rakes v. Life Investors Ins. Co. of Am.*, No. 06-CV-99-LRR, 2008 WL 4852932, at *8 (N.D. Iowa Nov. 7, 2008) (holding that expert witness fees in excess of $40.00 were not allowed), *abrogated in part on other grounds, Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894 (8th Cir. 2009).

### c.    *Application*

The court finds it appropriate to limit the expert witness fees to the $40.00 per day attendance fee, plus subsistence and mileage, as is provided for in 28 U.S.C. § 1821. Therefore, the court will not award attendance fees for expert witnesses in excess of this amount. With respect to the subsistence and mileage fees that Excel seeks, the court finds that the following reductions are appropriate.

### i.    *Steven Sell*

Excel requests $183.15 for Sell's mileage. The only documentation provided for this charge is a check for this amount from Excel's counsel to Sell dated March 30, 2012.[5] The court finds that this check is not sufficient evidence to tax this cost and, therefore, the court shall disallow the $183.15.

In addition, Excel requests $781.39 in mileage and subsistence costs associated with

---

[5] The court notes that, although the check is dated March 30, 2012, Sell was not deposed until April 6, 2012. Travel expenses associated with preparing a witness for trial or a deposition are not recoverable under the plain language of 28 U.S.C. § 1821(a).

Sell's April 6, 2012 deposition. This includes $675.00 for travel, which, according to the invoice Sell provided, was calculated based on an hourly rate of $75.00. The invoice requests that payment be sent to an address in Rio, Wisconsin, which is approximately 209 miles from Cedar Rapids, the location of the deposition. Therefore, costs for Sell's mileage shall be limited to $213.18.[6] Excel also requests $106.39 for Sell's hotel. The GSA provides a maximum rate of $80.00 for lodging in the Cedar Rapids area and, therefore, the court reduces the taxable cost for Sell's subsistence to $91.40.[7] Thus, the court shall tax $304.58 in mileage and subsistence costs for Sell.

### ii.    James Todd

Excel requests $1,172.31 for Todd's mileage and subsistence. This total includes mileage, lodging for six nights (September 16, 2012 through September 20, 2012, and September 24, 2012) and meals. Todd was present during the entire trial as a corporate representative for Excel, but only testified on two days—September 17, 2012, and September 21, 2012. Thus, given the uncertainty of when Todd would be needed to testify, it was reasonable that he stayed from September 16, 2012 through September 21, 2012. Although Todd was present for the entire trial as a corporate representative, reimbursement is available only for the time his presence was necessary as a witness. *See Santana v. RCSH Operations, LLC*, No. 10-61376-CIV, 2012 WL 3779013, at *4 (S.D. Fla. Aug 31, 2012) (awarding witness fees for only the day the witness testified at trial when the witness was present during the entire trial as a corporate representative).

The court finds it appropriate to tax $473.71, pursuant to the GSA's per diem

---

[6] 209 miles x 2 (round trip) x $.51 = $213.18. Under 18 U.S.C. § 1821(c)(2), a travel allowance is calculated on a per mile rate established by the Administrator of General Services ("GSA"). The established rate on the dates Sell traveled was $.51 per mile. General Services Administration, Privately Owned Vehicle (POV) Mileage Reimbursement Rates, http://www.gsa.gov/portal/content/103969.

[7] This number includes $11.40 in sales tax.

allowance. The GSA provides a maximum allowance of $80.00 per night for lodging in the Cedar Rapids area. Todd spent five nights in Cedar Rapids, for a total of $400.00. In addition, Excel requests $73.71 for Todd's meals. This is within the GSA's allowance for meals, so the court shall allow $73.71 in full. Thus, the court shall tax $473.71 for James Todd's subsistence costs. In addition, the court finds it appropriate to tax $309.97 of the $614.35 that Excel requests for Todd's mileage. This includes one round-trip to Cedar Rapids at the applicable rate of $.555.

### iii.    *James Heidell*

Excel requests $971.82[8] for Heidell's travel and subsistence costs. The court finds it appropriate to tax $974.32 for travel and subsistence costs. The travel expenses include: (1) $662.60 for Heidell's airfare to and from Cedar Rapids; (2) $35.00 for parking at the Denver airport; (3) $25.00 in transportation costs to and from the courthouse; (4) $16.60 in toll charges; and (5) $19.00 in mileage to and from the Denver airport. The subsistence expenses include: (1) $181.50 for two night's lodging in Cedar Rapids, including tax; and (2) $34.62 for meals.

The court will tax costs for witnesses as follows:

| Witness | Mileage | Subsistence | Attendance Fee | Total Cost Requested | Amount Allowed |
|---------|---------|-------------|----------------|----------------------|----------------|
| Keith Hobson | | | $760.00 | $760.00 | $0.00 |
| Keith Hobson | | | $1,900.00 | $1,900.00 | $0.00 |
| Keith Hobson | | | $950.00 | $950.00 | $0.00 |
| Keith Hobson | | | $1,140.00 | $1,140.00 | $0.00 |
| Keith Hobson | | | $7,725.00 | $7,725.00 | $0.00 |

---

[8] The court calculated this figure by subtracting $21.60 in withdrawn costs from the $993.60 that Excel originally requested. However, it is unclear how Excel arrived at these figures. The court awarded $974.32 based on the receipts that Excel provided.

| Witness | Mileage | Subsistence | Attendance Fee | Total Cost Requested | Amount Allowed |
|---|---|---|---|---|---|
| Steven Sell | $183.15 | | | $183.15 | $0.00 |
| Keith Hobson | | | $2,539.35 | $2,539.35 | $40.00 |
| Steven Sell | $675.00 | $106.39 | $455.00 | $1,236.39 | $384.58 ($213.18 for mileage; $91.40 for lodging; $80 attendance fee) |
| Keith Hobson | | | $228.82 | $228.82[9] | $0.00 |
| Doug Litwiller | $124.32 | | $40.00 | $164.32 | $164.32 |
| Andrew Marsh | $16.65 | | $40.00 | $56.65 | $56.65 |
| Harmanjit Mallhi | $16.65 | | $40.00 | $56.65 | $56.65 |
| Stephen Penney | $16.65 | | $40.00 | $56.65 | $56.65 |
| James Todd | $614.35 | $557.96 | | $1,172.31 | $783.68 ($309.97 for mileage; $400.00 for lodging; $73.71 for subsistence) |

---

[9] The invoice states that these costs are associated with travel to deposition. However, Excel claims this amount as an attendance fee. Even if the court were to consider this cost as transportation related, Excel has provided no documentation to support the request.

| Witness | Mileage | Subsistence | Attendance Fee | Total Cost Requested | Amount Allowed |
|---|---|---|---|---|---|
| James Heidell | | $971.82[10] | $8,250.00 | $9,221.82 | $1,054.32 ($758.20 for travel; $216.12 for subsistence; $80.00 for attendance fees) |
| Harmanjit Mallhi | | | $544.13 | $544.13 | $0.00 |
| Keith Hobson | | | $4,016.55 | $4,016.55 | $40.00 |
| Dennis Totzke | | | $1,120.00 | $1,120.00 | $40.00 |
| **TOTAL** | **$1,646.77** | **$1,636.17** | **$29,788.95** | **$33,071.79** | **$2,676.85** |

### IV.  SUMMARY CHART

| Item Requested | Amount Requested[11] | Amount Allowed |
|---|---|---|
| Fees for service: | $150.00 | $0 |
| Fees for transcripts: | $11,443.27 | $9,336.79 |
| Fees for copies: | $6,042.53 | $3,156.44 |
| Fees for witnesses: | $33,597.71 | $2,676.85 |
| **TOTAL** | **$51,233.51** | **$15,170.08** |

[10] This includes costs associated with travel and subsistence.

[11] The court notes that Excel has withdrawn its request for some of these costs, as discussed elsewhere in this Order.

## V. CONCLUSION

In light of the foregoing, Excel's Bill of Costs (docket no. 102) is **GRANTED IN PART** and **DENIED IN PART**. Costs are taxed in favor of Excel in the amount of **$15,170.08**. The Clerk of Court is **DIRECTED TO ENTER JUDGMENT** for such amount in favor of Excel Engineering, Inc.

**IT IS SO ORDERED.**

**DATED** this 4th day of February, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA